## MORRIS J. ROSE v SELMA E. ROSE, et al

Ohio Appeals, 9th Dist, Summit Co

No. 1716. Decided October 16, 1929

Messrs. Rockwell & Grant, Akron, and Max P. Goodman, Cleveland, for Selma E. Rose.

Messrs. Carl M. Myers, and Slabaugh, Seiberling, Huber & Guinther, all of Akron, for Morris J. Rose.

Messrs. John A. Weber, Medina, and Doolittle, Foust, & Holden, Akron, for Bohley et.

Mr. Ralph G. Thomas, Akron, for Defendant Crofoot.

Messrs. J. B. Palmquist, Medina, and Weiser & Weimer, Wooster, for Defendant Williams.

## PER CURIAM

It is claimed that the papers which were filed were not bonds because there were no qualified sureties thereon,—the bonds, except the two signed by Carl M. Myers, being signed only by co-defendants.

It may be assumed that where one of several defendants attempts to perfect an appeal, another defendant cannot properly be taken as a sufficient surety on the bond; but where such a bond is filed and approved in the manner provided by the statute, is it a nullity, or can a sufficient surety be supplied under **11363 GC**?

Sec. **12226 GC** seems to make the sufficiency of the surety a question for the determination, in the first instance, of the "clerk of the court or a judge thereof," and if that required approval is, in good faith, secured and the bond is filed in time, we do not think it is a nullity, even though the surety be insufficient; and hence, the appellee, under **12232 GC**, or the appellant, under **11363 GC**, may have the surety made sufficient.

**Austin v. Morris, 103 OS. 449.**

Some other objections to the bonds are suggested, but we think the court has power to and should permit the correction of all mistakes or omissions in the bonds, and therefore the motions to dismiss the appeals are overruled and the request to supply other surety and correct any uncertainties, is granted.

Funk, PJ, Pardee, J, and Washburn, J, concur.